FILED
CLERK, U.S. DISTRICT COURT
2/8/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CDO___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2023 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:24-cr-00088-ODW |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1708: Possession of Stolen Mail; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| DAVID ORLANDO MURILLO MASTACHE, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1708]

On or about July 15, 2022, in Los Angeles County, within the Central District of California, defendant DAVID ORLANDO MURILLO MASTACHE unlawfully possessed mail and mail matter that had been stolen and taken from the United States mail, namely, three baseball cards addressed to an individual within Los Angeles County, and at that time and place, defendant MURILLO knew that said mail and mail matter were stolen.

COUNT TWO

[18 U.S.C. § 1708]

On or about November 2, 2022, in Los Angeles County, within the Central District of California, defendant DAVID ORLANDO MURILLO MASTACHE unlawfully possessed mail and mail matter that had been stolen and taken from the United States mail, namely, approximately 22 pieces of mail addressed to individuals within Los Angeles County, and at that time and place, defendant MURILLO knew that said mail and mail matter were stolen.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Two of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

　　/s/_____
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

*Christina Shay for SMG*

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

J'ME K. FORREST
Assistant United States Attorney
General Crimes Section